IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, <br><br> Plaintiff, <br><br> vs. <br><br> PANTHERPRO INC., a Nebraska corporation d/b/a Quickteq Computers; and KEVIN KNUDSON, an individual, <br><br> Defendants. | CASE NO. 4:10-cv-3118 <br><br> **COMPLAINT** |

COMES NOW Plaintiff, Microsoft Corporation, by and through its counsel, Cline Williams Wright Johnson & Oldfather, L.L.P, and files the within Compliant, and avers as follows:

### **INTRODUCTION**

This is an action by Microsoft Corporation ("Microsoft") to recover damages arising from infringement of Microsoft's copyrights and trademarks in its software and related components by Pantherpro Inc., a Nebraska corporation doing business as Quickteq Computers and Kevin C. Knudson, an individual (collectively, "Defendants") and to enjoin Defendants' future infringement. Defendants distributed infringing Microsoft software, despite the fact that Microsoft warned Defendants of the infringing conduct. Defendants have infringed Microsoft's copyrights and trademarks, and violated the Lanham Act by falsely designating the origin of software, and engaged in unfair competition. Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

## THE PARTIES

1.  Microsoft is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, Washington. Microsoft develops, markets, distributes and licenses computer software.

2.  Upon information and belief, defendant Pantherpro Inc., is a Nebraska corporation, doing business as Quickteq Computers in Lincoln, Nebraska and on the Internet ("Quickteq Computers"). Upon information and belief, Quickteq is engaged in the advertising, marketing, and distribution of computer hardware and software, including purported Microsoft software.

3.  Upon information and belief, defendant Kevin Knudson, an individual, is an officer, shareholder, and/or director of, or owns, operates, or otherwise controls Quickteq Computers. Upon information and belief, Kevin Knudson, an individual, resides and/or transacts substantial business in this district. Upon information and belief, Kevin Knudson, an individual, (a) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and (b) derived direct financial benefit from that wrongful conduct.

## JURISDICTION

4.  This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

5.  This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of the State of Nebraska pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

**VENUE**

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the acts of infringement and other wrongful conduct alleged occurred in the District of Nebraska; (b) Defendants may be found in the District of Nebraska; and (c) Defendants have a sufficient connection with the District of Nebraska to make venue proper in this district, all as alleged in this Complaint.

**FACTS COMMON TO ALL CLAIMS**

7. Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Microsoft's software programs are recorded on magnetic diskettes and/or CD-ROMs, and they are packaged and distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, certificates of authenticity, and other related components.

8. <u>Microsoft Windows XP:</u> Microsoft has developed, advertises, markets, distributes, and licenses a software package known as Microsoft Windows XP ("Windows XP"). Windows XP is an operating system for desktop and laptop systems. It performs a number of computer-related operations including, but not limited to, providing support for various applications and allowing remote access to data and applications stored on Windows XP desktops from network connections. Microsoft holds a valid copyright in Windows XP (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Windows XP, bearing the number TX 5-407-055, is attached hereto as Exhibit 1 and is incorporated by reference.

9.  Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

    A.  "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

    B.  "MICROSOFT," Trademark Registration No. 1,256,083, for computer hardware and software manuals, newsletters, and computer documentation;

    C.  WINDOWS, Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit;

    D.  COLORED FLAG DESIGN, Trademark Registration No. 2,744,843 for computer software;

True and correct copies of the Trademark Registrations for A through D above are attached hereto as Exhibits 2 through 5, respectively, and are incorporated herein by reference.

### Defendants' Infringement

10. Defendants are engaged in the advertising, marketing, and distribution of computer hardware and software, including software covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof.

11. After receiving a report that Defendants may have distributed infringing Microsoft software, on March 9, 2009, Microsoft sent Defendants correspondence warning them of the possible infringement and providing them with information on how to avoid future infringement.

12. Nevertheless, in or about March, 2010, Defendants distributed to an investigator a refurbished computer system with infringing Windows XP Pro software.

13. On information and belief, this is not an isolated incident. Rather, Defendants have been and continue to be involved in advertising, marketing, installing and/or distributing infringing copies of Microsoft's software to unidentified persons or entities. On information and belief, Defendants' distributions of purported Microsoft software are the result of Defendants' advertising and marketing the availability of such materials.

14. On information and belief, Defendants' wrongful conduct includes the advertising, marketing, installing, and/or distribution of "infringing materials," specifically reproductions, copies, or colorable imitations of Microsoft's copyrighted materials and/or the Microsoft trademarks, logos, and service mark described in this Complaint.

15. On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft. On information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights and marks.

16. On information and belief, Microsoft has been harmed by the advertising activities, including the unauthorized use of Microsoft's copyright protected material, and the unauthorized use of Microsoft's marks to describe the items that Defendants are distributing. Through this conduct, Defendants have misappropriated Microsoft's advertising ideas and style of doing business and has infringed Microsoft's copyrights, titles, and slogans.

17. On information and belief, the injuries and damages that Microsoft has sustained have been directly and proximately caused by Defendants' advertising, including the wrongful misappropriation of Microsoft's advertising ideas and style of doing business and infringement of Microsoft's copyrights, titles, and slogans.

## First Claim

### (Copyright Infringement – Against All Defendants)

18. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 17, inclusive.

19. Microsoft is the sole owner and licensor of Microsoft Windows XP Pro software, and the corresponding Certificates of Registration.

20. Defendants have infringed the copyrights in Microsoft's software, including but not limited to, Microsoft Windows XP Pro by distributing infringing materials in the United States without approval or authorization from Microsoft.

21. Defendants' conduct has been willful within the meaning of the Copyright Act. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

22. As a result of the wrongful conduct, Defendants are liable to Microsoft for copyright infringement. 17 U.S.C. § 501. Microsoft has suffered damages. Microsoft has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and goodwill. Microsoft is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

23. In addition, because Defendants' infringement has been willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

24. Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendants'

wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft's business reputation and goodwill such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

25. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

## Second Claim

**(Federal Trademark Infringement – Against All Defendants)**

26. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 25, inclusive.

27. Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including, but not limited to, 15 U.S.C. § 1114(1).

28. Because Microsoft has marketed, advertised, promoted, distributed, and licensed its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from those of others in the same field or related fields.

29. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify software of Microsoft.

30. The infringing materials that Defendants have and are continuing to use, market, offer, or distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

31. Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are using, advertising, marketing, offering, or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

32. Upon information and belief, Defendants used, advertised, marketed, offered or distributed infringing material with the willful and calculated purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's goodwill and business reputation.

33. Defendants' conduct has been willful within the meaning of the Lanham Act. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

34. As a result of their wrongful conduct, Defendants are liable to Microsoft for trademark infringement. 15 U.S.C. § 1114(1). Microsoft has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and goodwill. Microsoft is entitled to recover damages, which include its losses, and any and all profits Defendants have made as a result of their wrongful conduct. 15 U.S.C. § 1117(a). Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

35. In addition, because Defendants' infringement of Microsoft's trademarks and service mark was willful, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b). Alternatively, the award of statutory damages should be enhanced in accordance with 15 U.S.C. § 1117(c)(2).

36. Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials being used, offered, marketed, or distributed by Defendants pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A), and pursuant to 28 U.S.C. § 1651. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft's business reputation and goodwill such that Microsoft could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

37. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

### Third Claim

**(False Designation Of Origin, False Description, And False Representation Of Microsoft Packaging – Against All Defendants)**

38. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 37, inclusive.

39. Microsoft has designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software.

40. Defendants' wrongful conduct includes the use, advertising, marketing, offering, or distribution of "imitation visual designs," specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs. Defendants' use, advertising,

marketing, offering, or distribution of imitation visual designs constitutes (a) false designation of origin, (b) false description, and (c) false representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

41. Upon information and belief, Defendants used, advertised, marketed, offered, or distributed imitation visual designs with the willful and calculated purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the imitation visual designs and of trading upon Microsoft's goodwill and business reputation.

42. Defendants' use, advertising, marketing, offering, and distribution of imitation visual designs are likely to continue unless restrained and enjoined.

43. As a result of Defendants' use, marketing, offering, and distribution of imitation visual designs, Microsoft has suffered and will continue to suffer damage and losses, including, but not limited to, irreparable injury to its business reputation and goodwill. Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation visual designs being used, offered, marketed, or distributed by Defendants. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's visual designs are unique and valuable property which have no readily determinable market value, (b) Defendants' use, marketing, or distribution of imitation visual designs constitutes harm to Microsoft's business reputation and goodwill such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

## Fourth Claim

**(Nebraska Common Law Unfair Competition – Against All Defendants)**

44. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 43, inclusive.

45. The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to the common law of the State of Nebraska.

46. Defendants' acts and conduct as alleged above have damaged and will continue to damage Microsoft and have resulted in losses to Microsoft and an illicit gain of profit to Defendants in an amount which is unknown at the present time.

## Fifth Claim

**(Violation of Nebraska Trade Practices Act)**

47. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraph 1 through 46, inclusive.

48.. The acts and conduct of Defendants as alleged above in this Complaint constitute deceptive trade practices within the meaning of Neb. Rev. Stat. § 87-302, in that the Defendants:

(a) Have caused and continue to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(b) Have caused and continue to cause a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another; and

(c) Have represented and continue to represent that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have.

49. Because the Defendants have persisted in these acts after notification of possible infringement, and with knowledge that the products they have sold and offered for sale are infringing, the Defendants have willfully engaged in the trade practices identified above knowing them to be deceptive.

50. Microsoft has been damaged by the acts of the Defendants and is likely to continue to be damaged.

51. As a result of the Defendants' acts, Microsoft is entitled to an injunction, damages, and an award of its costs and fees. Neb. Rev. Stat. § 87-303.

### Sixth Claim

**(For Imposition Of A Constructive Trust Upon The Illegal Profits – Against All Defendants)**

52. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 51, inclusive.

53. Defendants' conduct constitutes deceptive, fraudulent, and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

54. By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

55. Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

56. Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

## Seventh Claim

## (Accounting – Against All Defendants)

57. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 56, inclusive.

58. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to their acts of infringement.

59. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

60. The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material offered for distribution and distributed by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment as follows:

(1) That the Court enter a judgment against Defendants that they have:

(a) willfully infringed Microsoft's rights in the following federally registered copyright in violation of 17 U.S.C. § 501: TX 5-407-055 ("Windows XP Professional");

(b) willfully infringed Microsoft's rights in the following federally registered trademarks and service mark in violation of 15 U.S.C. § 1114:

   (1) 1,200,236 ("MICROSOFT");

   (2) 1,256,083 ("MICROSOFT");

   (3) 1,872,264 ("WINDOWS");

   (4) 2,744,843 (COLORED FLAG DESIGN);

  (c) committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

  (d) engaged in unfair competition in violation of Nebraska common law;

  (e) committed deceptive trade practices in violation of Neb. Rev. Stat. §87-301 et seq.; and

  (f) otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint.

 (2) That the Court issue injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

  (a) imitating, copying, or making any other infringing use or infringing distribution of the software and/or materials now or hereafter protected by the following copyright Certificates Registration No.: TX 5-407-055 ("Windows XP Professional");

  (b) imitating, copying, or making any other infringing use or infringing distribution of any software and/or materials now or hereafter protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

   (1) 1,200,236 ("MICROSOFT");

   (2) 1,256,083 ("MICROSOFT");

   (3) 1,872,264 ("WINDOWS");

   (4) 2,744,843 (COLORED FLAG DESIGN);

  (c) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing,

promoting, or displaying any software, component, or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, those listed in Sections (2)(a) and (2)(b) above;

(d) using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to those listed in Sections (2)(a) and (2)(b) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software, component, or thing not authorized or licensed by Microsoft;

(e) using any designation of origin or description that can or is likely to lead anyone to believe that any software, component, or thing has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(f) using reproductions, counterfeits, copies or colorable imitations of Microsoft's copyrighted and trademark protected software and other materials in the distribution, offering for distribution, circulating, sale, offering for sale, advertising, importing, promoting, or displaying of any merchandise not authorized or licensed by Microsoft;

(g) using the names, logos, or other variations thereof of any of Microsoft's copyright and/or trademark-protected software in any of Defendants' trade or corporate names;

(h) engaging in any other activity constituting an illegal distribution of any Microsoft item and/or an infringement of any of Microsoft's

trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights; and

(i) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (h) above.

(3) That the Court enter an order of impoundment pursuant to 15 U.S.C. § 1116(a)(d)(1)(A), 17 U.S.C. §§ 503 and 509(a), and 28 U.S.C. § 1651(a) impounding all counterfeit and infringing copies of purported Microsoft software and/or materials bearing any of Microsoft's trademarks or service mark, and any related item, including business records, that are in Defendants' possession or under their control;

(4) That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, their illegal profits obtained from their distribution of counterfeit and infringing copies of Microsoft's software and/or materials;

(5) That the Court enter an order requiring Defendants to provide Microsoft a full and complete accounting of all profits obtained from their marketing or distribution of counterfeit and infringing copies of Microsoft's software and/or materials and of any other amounts due and owing to Microsoft as a result of Defendants' illegal activities;

(6) That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

(a) Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) or, alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Microsoft's copyrights;

  (b) Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) or, alternatively, enhanced statutory damages pursuant to 15 U.S.C. §1117(c)(2), for Defendants' willful violation of Microsoft's registered trademarks and service mark;

  (c) Microsoft's damages and Defendants' profits pursuant to Nebraska common law;

  (d) An injunction, Microsoft's damages, and all other remedies available under Neb. Rev. Stat. §87-303; and

 (7) That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

 (8) That the Court grant to Microsoft such other and additional relief as is just and proper.

## REQUEST FOR PLACE OF TRIAL

Pursuant to NECivR 40.1(a), Plaintiff respectfully requests trial of this matter at Lincoln.

DATED this ____ day of June, 2010.

       MICROSOFT CORPORATION,
       a Washington corporation, Plaintiff.

    By: /s/ Richard P. Jeffries
      Richard P. Jeffries, #20089
      CLINE WILLIAMS
      WRIGHT JOHNSON & OLDFATHER, L.L.P.
      One Pacific Place
      1125 South 103rd Street, Suite 600
      Omaha, Nebraska 68124
      Telephone: (402) 397-1700
      Fax: (402) 397-1806
      Email: rickjeffries@clinewilliams.com